UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **COREY THOMAS** | **CIVIL ACTION NO. 16-345-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Corey Thomas ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 14, 2016. Plaintiff is currently incarcerated at the Elayn Hunt Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Warden Jerry Goodwin, Warden Rochell, the David Wade Correctional Center, the David Wade Correctional Center Medical Staff, Nurse Milwee, and Ms. Michelle as defendants.

Plaintiff claims that on December 15, 2015, he filed a request for medical attention. He claims he suffers with constant heartburn, stomach pain, extreme lower back pain, numbness in his arms, muscle spasms, nerve damage, restlessness at night, and emotional and mental stress. He claims his left foot was broken while incarcerated at the Jefferson Parish Correctional Center. He claims his foot did not heal properly and he still suffers

with pain. He claims he was involved in an elevator crash at the Jefferson Parish Correctional Center and injured his lower back. He claims that because of the accident, he has sciatica, numbness in his arms and legs, muscle spasms, and a possible bulging disk. He claims he cannot sit, stand or lie down for long periods of time. He claims he has a hiatal hernia which causes him to have acid reflux, stomach pains, to choke while sleeping, inability to sleep on his stomach, and to regurgitate food. He claims he also has nerve damage in his right thigh and lower back. He claims he has an enlarged prostate gland and blood in his urine. He claims he also suffers with depression. Plaintiff admits he was taking medication for his conditions including Prilosec, Keppra, and Flomax.

Plaintiff claims that on December 23, 2015, he filed a sick call request. He claims he was denied adequate medical attention by the medical staff. He claims the medical staff employee told him that she did not believe him, and she refused to send him to a hospital for an MRI because of the budget. He claims the employee insisted that he be x-rayed instead. Plaintiff claims he should have had his hiatal hernia surgically removed, been prescribed pain medication, and had an MRI for the soft tissue of his lower back. He admits he was on Prilosec for acid reflux and/or an ulcer, Keppra for nerve damage, and Flomax for urinary issues.

Plaintiff claims that on December 28, 2015, he filed a sick call request. He claims he was denied adequate medical treatment by the medical staff employee because she did not view his situation as serious. He claims he was not provided any help. He claims she denied him pain medication. He admits he was still taking Prilosec, Keppra, and Flomax.

Plaintiff claims that in January of 2016, his request for pain medication was denied.

Plaintiff claims that on March 30, 2016, he made a sick call request. He claims he was not provided pain medication or surgery. He admits he was still taking Prilosec, Keppra, and Flomax.

Plaintiff claims that on April 14, 2016, he filed two sick call requests. He claims he was seen by a medical staff employee both times. He claims he was denied an MRI, surgery and pain medication. He claims he was denied medical treatment because of a lack of funding.

Plaintiff claims that on May 19, 2016, he filed a sick call request. He claims he was seen by a medical staff employee and denied adequate medical treatment because she did not believe he was truthful about his conditions. He claims she did not give him a thorough check-up or adequate medical attention. He claims she did not give him pain medication. He claims she refused to pull his medical records from clinics and hospitals where he was previously treated. He claims he was still taking Prilosec, Keppra, and Flomax.

Plaintiff claims that in August of 2016 his request for pain medication was denied.

Plaintiff claims he should have received medical care at a hospital. He claims he was denied pain medication for his back pain and spasms and surgery for his hiatal hernia. He claims he was denied therapy. He claims he was also denied adequate mental health care. Plaintiff claims that because he was denied adequate medical care, his mental and physical health deteriorated.

Accordingly, Plaintiff seeks punitive damages and a transfer to another facility.[1]

---

[1] Plaintiff has been transferred to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

## LAW AND ANALYSIS

Plaintiff claims he has received inadequate medical treatment for his numerous medical conditions. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that he filed numerous sick call requests and was seen by the medical staff and prescribed medication for his conditions. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment that Defendants provided him. He claims he should have been treated at a hospital, had an MRU, given pain medication, had surgery, and therapy for his conditions, and adequate mental health care. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848

F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 31st day of October, 2018.

Mark L. Hornsby
U.S. Magistrate Judge